IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY ALLOYIS WILLSON,<br><br>    Petitioner,<br><br>  v.<br><br>B. CURRY,<br><br>    Respondent. | No. C 09-04018 CW (PR)<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

INTRODUCTION

    This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a pro se state prisoner. For the reasons set forth below, the petition is DENIED.

BACKGROUND

    In 1991, a San Diego County Superior Court jury convicted Petitioner of kidnapping for robbery and forcible rape with the use of a deadly weapon, and he was sentenced to an indeterminate life sentence with the possibility of parole for the kidnapping conviction and a determinate term of twelve years in state prison for the remaining offenses. In 2008, the Board of Parole Hearings (Board) found Petitioner unsuitable for parole on grounds that the circumstances of his commitment offense, his prior violent criminal history showing a pattern of escalating criminal conduct, his past involvement with drugs and alcohol, his "inconclusive" psychological reports, and his continuing need for self-help indicate that, if released from prison, he would pose an unreasonable risk of danger to society, or a threat to public

safety, or both.  (Ans., Ex. A at 111-117.)[1]  In response to the Board's decision, Petitioner sought, but was denied, relief on state collateral review.  This federal habeas petition followed.

## STANDARD OF REVIEW

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the

---

[1] Citations are to the pages of the parole hearing transcript.

2

1 holdings of the Supreme Court as of the time of the relevant state
2 court decision.  Id. at 412.

## DISCUSSION

Petitioner claims that the Board's decision violated his right to due process because it was not based on "some evidence" that he currently poses an unreasonable risk to public safety, a requirement under California law.  "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U. S. 1, 7 (1979). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication -- and federal courts will review the application of those constitutionally required procedures."  Swarthout v. Cooke, No. 10-333, slip op. at 4 (U.S. Jan. 24, 2011).  The procedures required are "minimal."  Id.  A prisoner receives adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied."  Id. at 4-5. "The Constitution does not require more."  Greenholtz, 442 U.S. at 16.

In the instant matter, Petitioner received at least the required amount of process.  The record shows that he was allowed to speak at his parole hearing and to contest the evidence against him, that he had received his records in advance, and that he was notified of the reasons parole was denied.  Having found that Petitioner received these procedural requirements, this federal

3

habeas court's inquiry is at an end.  <u>Cooke</u>, No. 10-333, slip op. at 5.  Petitioner's claim that the Board's decision did not comply with California's "some evidence" rule of judicial review is of "no federal concern."  <u>Id.</u> at 6.  Accordingly, the petition is DENIED.

CONCLUSION

The state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Accordingly, the petition is DENIED.

Further, a certificate of appealability is DENIED. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.  The Clerk shall enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

Dated: 2/14/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RODNEY ALLOYIS WILLSON,

        Plaintiff,

  v.

B. CURRY et al,

        Defendant.

Case Number: CV09-04018 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rodney Alloyis Willson E-97618
CTF Soledad
Central Facility B-Wing 211 Up
P.O. Box 689
Soledad, CA 93960-0689

Dated: February 14, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

5